UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Marc William Aisen,

        Petitioner,                      Case Number: 24-cv-13070
                                                             Honorable F. Kay Behm

v.

Michael Bouchard,

        Respondent.
_____/

**OPINION AND ORDER DISMISSING THE PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE, DENYING PETITIONER'S MOTIONS, DENYING CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

**I. Introduction**

      Marc William Aisen is a pretrial detainee incarcerated at the Oakland County Jail in Pontiac, Michigan.  He has filed a *pro se* petition for a writ of habeas corpus challenging his pending state criminal proceedings. ECF No. 1 (habeas petition), ECF Nos. 4, 10, 12, 13, 19, and 22 (supplemental briefs).  Aisen has also filed motions for counsel, to order a response, to void statutes for vagueness, for evidentiary hearing, for leave to open discovery, for internet access, and for bond modification.  ECF Nos. 5, 8, 11, 14, 15, 17, 23, and 26.

      Aisen is currently charged with unlawful posting of messages, Mich. Comp. Laws § 750.411s(2)(a), and using a computer to commit a crime, Mich. Comp.

Laws § 752.797(3)(c), in the Oakland County Circuit Court. He has been declared incompetent, but restorable, by the state trial court and is subject to further competency reviews. *See* Register of Actions, Oakland Co. Cir. Ct. No. 2024-287987-FH.

For the reasons explained below, the Court dismisses the petition without prejudice, denies a certificate of appealability, denies the pending motions and denies leave to proceed *in forma pauperis* on appeal.

**II.  Discussion**

In addition to the instant petition, Aisen has filed three petitions for writ of habeas corpus, which challenge the same pending charges and raise the same claims as those challenged in this petition.  The first-filed case was dismissed because Aisen's challenge to ongoing state criminal proceedings is premature and because he failed to exhaust state court remedies.  *See Aisen v. Bouchard*, No. 4:24-CV-12763, 2025 WL 1225818, at *3 (E.D. Mich. Apr. 28, 2025).  Two cases were dismissed as duplicative of the first-filed case.  *See Aisen v. Michigan*, No. 4:25-CV-10471, 2025 WL 1364385, at *1 (E.D. Mich. Apr. 17, 2025) (Behm, J.); *Aisen v. Michigan*, No. 24-13227 (E.D. Mich. Dec. 16, 2024) (Murphy, J.).

The instant petition was filed on November 12, 2024.[1] This petition challenges Aisen's pretrial detention for the same criminal charges at issue in the other three petitions. The petitions are rambling and difficult to follow but appear to raise essentially the same claims. A petitioner may not challenge the same criminal proceeding in two cases. *See, e.g., Gamet v. Howard*, No. 23-CV-11102, 2023 WL 5001449, at *1 (E.D. Mich. Aug. 4, 2023). The case will be dismissed without prejudice because it is duplicative of the earlier-filed case. *See Jessie v. Michigan Att'y Gen.*, No. 23-11471, 2024 WL 2839278, at *2 (E.D. Mich. May 13, 2024).

Aisen has also filed several pleadings, ECF Nos. 18, 20, and 21, claiming that he filed only one petition for habeas corpus and does not know how or why separate cases were opened in this Court. Nevertheless, he continued to file multiple, duplicative motions in this case and in case no. 24-12763. In any event, regardless of Aisen's intent, he may not maintain duplicative habeas petitions and the petition will be dismissed. *See Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800, 817 (1976) ("[C]onsiderations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation" give rise to the "general principle ... to

---

[1] This petition was originally assigned to the Honorable Denise Page Hood. On August 5, 2025, it was reassigned to the undersigned as a companion to the earlier-filed petition. ECF No. 29.

avoid duplicative litigation" in federal courts.) (quotations omitted); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000) ("Federal courts ... retain broad powers to prevent duplicative or unnecessary litigation."). *See also Carter v. Westbrook*, No. 3:12-cv-666, 2013 WL 1891288, at *3 (S.D. Miss. May 6, 2013) (dismissing § 2254 petition filed while prior successive § 2254 petition was pending as duplicative even though the prior petition was no longer pending at the time of dismissal).

Additionally, this petition is also subject to dismissal without prejudice for the same reasons cited in the Court's order dismissing case no. 24-12763. *See Aisen*, 2025 WL 1225818. Aisen still has not exhausted his state court remedies. Nor has he provided justification for the Court to interfere with an ongoing state criminal prosecution, which involves important state interests, and which provides an adequate opportunity to raise any federal constitutional challenges. *See id.* at *2-3.

Finally, because the petition will be dismissed, Aisen's pending motions (ECF Nos. 5, 8, 11, 14, 15, 17, 23, and 26) will be denied as moot.

## III. Certificate of Appealability

Before a petitioner may appeal the dismissal or denial of a habeas corpus petition, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). When a district court denies a habeas petition on procedural

grounds without reaching the underlying constitutional claims, in order to be entitled to a certificate of appealability, a petitioner must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, reasonable jurists would not debate the correctness of the Court's procedural ruling. The Court therefore denies Aisen a certificate of appealability.

## IV.  Order

For the reasons stated, the Court concludes that this case is duplicative of Petitioner's earlier-filed petition. Accordingly, the Court **DISMISSES** the case without prejudice and **DENIES** a certificate of appealability. The Court also **DENIES** as moot Petitioner's pending motions, ECF Nos. 5, 8, 11, 14, 15, 17, 23, and 26.

The Court further **DENIES** leave to proceed in forma pauperis on appeal as an appeal from this non-prejudicial dismissal cannot be taken in good faith. See Fed. R. App. P. 24(a).

**SO ORDERED**.

Date: August 19, 2025            s/F. Kay Behm
                                 F. Kay Behm
                                 United States District Judge